Clark WILLES, Plaintiff–Appellant,

v.

LINN COUNTY, a municipality; et al., Defendants–Appellees.

No. 14–35019.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 8, 2016.

Filed May 23, 2016.

Marianne G. Dugan, Brian L. Michaels, Brian Michaels PC, Eugene, OR, for Plaintiff–Appellant.

Gerald L. Warren, Law Office of Gerald Warren, Salem, OR, for Defendant–Appellee.

Before: GOODWIN, O'SCANNLAIN, and LEAVY, Circuit Judges.

## MEMORANDUM *

Clark Willes appeals from the district court grant of summary judgment in favor of defendants on Willes's claims under 42 U.S.C. § 1983 for false arrest, malicious prosecution, and retaliation. We review de novo, *Smith v. Almada,* 640 F.3d 931, 936–37 (9th Cir.2011), and we affirm.

The district court properly granted summary judgment on Willes's false arrest claim. Even if the so-called false statements by the defendants were set aside, the district court correctly noted that independent witnesses provided sufficient evidence of probable cause.[1]

The determination of probable cause also defeats Willes's malicious prosecution and retaliation claims. *See Lassiter v. City of Bremerton,* 556 F.3d 1049, 1054–55 (9th Cir.2009) (probable cause is an absolute defense to malicious prosecution); *Skoog v. County of Clackamas,* 469 F.3d 1221, 1231–32 (9th Cir.2006) (stating that a plaintiff must ultimately prove that the defendant's desire to cause a chilling effect was a but-for cause of defendant's action). The arrest warrant here was issued pursuant to the grand jury's determination of probable cause. Willes provides no evidence of a "but-for" retaliatory motive to cause a chilling effect upon his First Amendment rights.

Willes's remaining claim for municipal liability is predicated on his claim that the individual defendants violated his constitutional rights. Because no constitutional violations occurred, Willes's municipal liability claim fails. *See Scott v. Henrich,* 39 F.3d 912, 916 (9th Cir.1994).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. We need not decide whether the holding in *Rehberg v. Paulk,* —— U.S. ——, 132 S.Ct. 1497, 1506–07, 182 L.Ed.2d 593 (2012) impacts our holding in *Harris v. Roderick,* 126 F.3d 1189 (9th Cir.1997), because, even under the standards articulated in *Harris,* Willes fails to raise a triable issue as to the existence of a conspiracy or level of misconduct sufficient to taint the grand jury's finding of probable cause.